IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DIANE JOHNSON, Individually and as Representative of the Estate of JACK W. JOHNSON, Deceased,** | § § § § | |
| Plaintiff, | § § | Case No. _____ |
| v. | § § | |
| **EECI, Inc., as successor to the liability of Ebasco Services, Inc.,** | § § § | **Defendant EECI's Notice of Removal** |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, §1441, and §1446, Defendant EECI, Inc., f/k/a Ebasco Services, Inc. ("EECI"), by and through its attorneys, HAWKINS PARNELL THACKSTON & YOUNG LLP, files this Notice of Removal based on diversity of citizenship and amount in controversy and would respectfully show the Court as follows:

### I.   INTRODUCTION

1.1   On June 7, 2018, Plaintiff filed her First Amended Original Petition in the matter styled *Diane Johnson, Individually and as Representative of the Estate of Jack W. Johnson, Deceased*, Cause No. 2018-22086, in the 129th Judicial District Court of Harris County, Texas (the "State Court Action").[1] In that petition, which is the live petition at the time of this Notice, Plaintiff asserts various personal injury claims against EECI based on injuries allegedly caused by or arising out of exposure to products or equipment allegedly manufactured, marketed, used, owned, distributed, sold, or specified by EECI.

### II.   TIMELINESS OF REMOVAL

---

[1] Attached as "Exhibit A"

2.1     EECI was served with this lawsuit on or about June 7, 2018.  EECI is therefore filing this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).  *See Board of Regents of Univ. of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### III.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3.1     Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §1332(a).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

**A.   Diversity**

3.2     Here, the parties are completely diverse.  Plaintiff Diane Johnson is a citizen of Alabama because that is where she is domiciled.  *See Preston v. Tenet Healthsystem Memorial Med. Center*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

3.3     EECI is a corporation organized and incorporated under the laws of the State of Nevada with its principal place of business in the State of California.  It is therefore a citizen of Nevada and California.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006) ("…under 28 U.S.C. §1332(c)(1), a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'")

3.4     As Plaintiff is an Alabama citizen, and as EECI is a citizen of both Nevada and California, no party is a citizen of Texas.  Accordingly, there is complete diversity of citizenship between all plaintiffs and all defendants, rendering removal proper under 28 U.S.C. §1332(a)(1).

**B.   Amount in Controversy**

3.5     Plaintiff specifically alleges in the State Court Action that she seeks monetary relief of over $1,000,000.00.  This unequivocally satisfies the requirements of 28 U.S.C. §1332(a).  Accordingly, the amount-in-controversy requirement for removal based on diversity jurisdiction is satisfied.

## IV.     OTHER PROCEDURAL REQUIREMENTS

4.1     EECI files this Notice of Removal in the United States District Court for the Southern District of Texas, Houston Division, which is the district and division within which the State Court Action was pending.  *See* 28 U.S.C. §1441(a), §124(a)(2).

4.2     Because no other defendant has been named or served, removal of the State Court Action is not precluded by 28 U.S.C. §1441(b).  *See, e.g., Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 LEXIS 74562, at *5-9 (N.D. Tex. May 30, 2012); *Davis v. Cash*, No. 3:01-CV-1037-H, 2001 LEXIS 15546, at *6-7 (N. D. Tex. Sept. 27, 2001); *Ott v. Consol. Freightways Corp.*, 213 F.Supp.2d 662, 666 (S.D. Miss. 2002).

4.3     Further, as no other defendant has been named or served, no consent is required to remove the State Court Action pursuant to 28 U.S.C. §1446(b).  *See, e.g., Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("Notably, even when removal is effected pursuant to §1441, only co-defendants who have been 'properly joined *and served*' must join in or consent to the removal." (quoting 28 U.S.C. §1446(b)(2)(A))).

4.4     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. §1446(d).

4.5     EECI will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Harris County, Texas, where the State Court Action was pending, as required by 28 U.S.C. §1446(d).

4.6	By removing this action to this Court, EECI expressly reserves and does not waive any defenses, objections, or motions under state or federal law.

4.7	EECI reserves the right to amend or supplement this Notice of Removal.

4.8	Moreover, in accordance with Local Rule 81, this Notice of Removal is accompanied by the following documents:

    a.	All executed process in this case (Exhibit B);

    b.	Pleadings asserting causes of action (Exhibit C);

    c.	The docket sheet (Exhibit D);

    d.	An index of matters being filed (Exhibit E); and

    e.	A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

## V.	CONCLUSION & PRAYER

**WHEREFORE, PREMISES CONSIDERED,** having established all of the prerequisites for removal under 28 U.S.C. §1441 and §1446, including all jurisdictional requirements rendering removal is proper pursuant to 28 U.S.C. §1332, Defendant EECI prays it may affect the removal of this action from the District Court of Harris County, Texas to the Southern District of Texas, Houston Division, and for any such other and further relief to which it may show itself justly entitled, either general or specific, at law or in equity.

Respectfully submitted,

**HAWKINS PARNELL**
   **THACKSTON & YOUNG LLP**
Highland Park Place
4514 Cole Avenue, Suite 500
Dallas, Texas  75205
(214) 780-5100
(214) 780-5200 Fax

By:     */s/ Edward M. Slaughter*
              **Edward M. Slaughter**
              State Bar No. 24015112
              SDTX No. 29924
              eslaughter@hptylaw.com
              **P. Saxon Guerriere**
              State Bar No. 24078603
              SDTX No. 2089531
              sguerriere@hptylaw.com

**ATTORNEYS FOR DEFENDANT EECI, INC., AS F/K/A EBASCO SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 2nd day of July, 2018, a true and correct copy of the above and foregoing instrument has been electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Ross Stomel
Robert E. Shuttlesworth
S<span>HRADER</span> & A<span>SSOCIATES</span>, LLP
3900 Essex Lane, Suite 390
Houston, Texas 77027

                */s/ Edward M. Slaughter*
                **Edward M. Slaughter**