## Cause No. 2018-22086

| | | |
|---|---|---|
| **DIANE JOHNSON, Individually and as** | § | **IN THE DISTRICT COURT OF** |
| **Representative of the Estate of JACK W.** | § | |
| **JOHNSON, deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| **EECI, INC., as successor to the liability** | § | |
| **of Ebasco Services, Inc.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | **129th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

COMES NOW Plaintiff and complains of the Defendant listed herein and for causes of action would show the Court and the Jury as follows:

### 1.

### DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190, Plaintiff respectfully requests that discovery in this case be conducted under a Level 3 Discovery Control Plan.

### 2.

### PARTIES

Plaintiff is Diane Johnson, Individually and as Representative of the Estate of Jack W. Johnson, decedent. Diane Johnson is the surviving spouse of Jack W. Johnson. The last three digits of her social security number is 969. Diane Johnson is resident of Alabama.

Jack W. Johnson was employed from approximately 1954-2011 as an electrician working at numerous locations throughout the United States, including but not limited to Illinois, Virginia,

EXHIBIT A

Louisiana, Texas, Pennsylvania, Mississippi, Nebraska, Oklahoma, Alabama, Oregon, Virginia, California, Colorado and Nebraska.

During the course of his employment at the locations mentioned above, the Mr. Johnson was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around that were manufactured, sold, distributed or installed by **Defendant EECI, INC.   EECI, INC. is successor to the liability of Ebasco Services, Inc. ("Ebasco") and is a corporation organized and existing under and by virtue of the laws of the State of Nevada and doing business in the State of Texas, but has not designated a resident agent for service of process. This corporation can be served c/o CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, NV 89119 pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045.   Defendant will be served through the Secretary of State for the State of Texas.**

### 3.

### <u>JURISDICTION</u>

Jurisdiction is proper in this Court in that the amount in controversy exceeds the minimal jurisdictional limits of this Court, and the Defendant is subject to personal jurisdiction in the State of Texas.   Moreover, the Defendant has conducted a substantial amount of business activity and has committed a tort, in whole or in part, in Texas.   Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed, including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office.   Plaintiff reserves the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

**4.**

**<u>VENUE</u>**

Venue of this action is proper as to the Plaintiff in Harris County, Texas under Tex. C.P.R.C. 15.002(a) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Harris County. Specifically, Plaintiff is making a claim for Decedent's exposure to asbestos at a facilities located in Harris County.

**5.**

**<u>BACKGROUND</u>**

Jack Johnson had an extensive history of exposure to asbestos containing materials during his career as a journeyman electrician. Mr. Johnson started working in the electrical field in 1950 and was exposed to asbestos on a regular and frequent basis up through the early 1990s. These exposures led to his contraction of mesothelioma and his death on June 13, 2014.

**Defendant named above bears responsibility in causing Plaintiff and Decedent's injuries in the individual capacities in which they have been sued. Plaintiff reserve the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages**.

**6.**

**<u>TEX. CIV. PRAC. & REM. CODE §90.006 (2005)</u>**

The citizens of the State of Texas and their state representatives believe that exposure to asbestos, particularly through inhalation of asbestos fibers, causes malignant and nonmalignant diseases, including mesothelioma and asbestosis. As such, it is the policy of the State of Texas to protect the right of people with impairing asbestos-related injuries to pursue their claims for compensation in a fair and efficient manner through the Texas court system. Act of May 16, 2005,

79th Leg., R.S., ch. 97, § 1(n), 2005 Tex. Gen. Laws 169.

In keeping with the stated policy of the State of Texas, Plaintiff brings the following claims against **EECI, Inc.,** which is responsible for her husband's asbestos-related injuries and subsequent death. Accordingly, Plaintiff attaches to their original petition as Exhibit 1, Mr. Johnson's Tex. Civ. Prac. & Rem. Code 90.003 medical report as required by Tex. Civ. Prac. & Rem. Code 90.006.

**7.**

**<u>STRICT LIABILITY</u>**

Plaintiff pleads and invokes the doctrine of strict liability against Ebasco because it was engaged in the sale of asbestos containing products. Plaintiff will show that the Defendant's products were defectively marketed and designed, that such defective conditions rendered their products unreasonably dangerous in the intended and reasonably anticipated use of their products, and that such defective conditions existed at the time they left Defendant's possession. Defendant knew or should have foreseen the risk of harm of their unreasonably dangerous products. Defendant's acts or omissions in these regards were producing causes of Plaintiff's injuries, damages, and/or death.

**8.**

**<u>NEGLIGENCE</u>**

Mr. Johnson was exposed to large quantities of asbestos and asbestos-containing products. The law imposed various duties on Defendant with respect to the safety and welfare of others such as Mr. Johnson. Defendant breached those duties by a multitude of acts, omissions, and/or undertakings which amount to negligence. Defendant knew, or in the exercise of ordinary care,

should have known that the asbestos-containing products and/or machinery they sold, supplied, distributed, re-labeled, applied, installed, specified, bought, removed, manipulated, or otherwise exposed Mr. Johnson to was extremely dangerous and harmful to his health. As a proximate cause of such negligence, Plaintiff has suffered the injuries and damages complained of herein.

Additionally, without waiving any specific acts of negligence as to Defendant, Plaintiff hereby gives notice of intent to rely on the doctrine of *res ipsa loquitur*, as Defendant's asbestos-containing products were under the exclusive management and control of Defendant, and given the character of Decedent's injuries and damages are such that they would ordinarily not have occurred in the absence of negligence.

Plaintiff would further show that Ebasco was one of the principal contractors that designed, built, and maintained the facilities that Mr. Johnson worked within. Ebasco was negligent in its sale, provision, installation, use, maintenance, distribution, repair, abatement, removal, and/or tear-out, of dangerous and deadly asbestos-containing products causing exposures to workers such as Mr. Johnson. The Defendant failed to warn of the hazards known to them or to prevent these exposures from occurring was a proximate cause of decedent's injuries and damages.

**9.**

**<u>DAMAGES</u>**

As a direct and proximate result of Ebasco's negligence, Mr. Johnson sustained a multitude of severe and deadly injuries. Upon trial of this case, Plaintiff respectfully requests the Court and Jury to determine the amount of loss Mr. Johnson has incurred. Mr. Johnson was damaged in the following particulars:

1. Prior to his death, Mr. Johnson suffered great physical pain and mental anguish;

2.      Prior to his death, Mr. Johnson incurred hospital and/or medical and/or pharmaceutical and/or other expenses;

3.      Prior to his death, Mr. Johnson suffered physical impairment;

4.      Prior to his death, Mr. Johnson suffered permanent partial disability;

5.      Prior to his death, Mr. Johnson required medical monitoring and required domestic help and nursing care due to his disabilities;

6.      Prior to onset of his symptoms, Mr. Johnson was extremely active and participated in numerous hobbies and activities, and, as a result of his illnesses, he was prevented from engaging in all of said activities that were normal to him prior to developing symptoms from his disease; and,

7.      Loss of earning capacity and lost wages.

As a direct and proximate result of Ebasco's negligence, Mr. Johnson's spouse sustained a multitude of injuries. Upon trial of this case, Plaintiff respectfully request the Court and Jury to determine the amount of loss Mr. Johnson's spouse has incurred.   Mr. Johnson's spouse has been damaged in the following particulars:

1.      Witnessing the conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.      Witnessing the mental anguish sustained by Mr. Johnson prior to his death;

3.      Witnessing the physical impairment suffered by Mr. Johnson prior to his death;

4.      Witnessing the disfigurement suffered by Mr. Johnson prior to his death;

5.      Reasonable funeral and burial expenses incurred by the Mrs. Johnson and the Jack Johnson Estate;

6.      The loss of household services, consortium, pecuniary loss, companionship and society that Mrs. Johnson received from Mr. Johnson prior to his last illnesses and death;

7.      The mental anguish suffered by Mrs. Johnson as a consequence of the last illnesses and death of Mr. Johnson;

8.      Punitive and exemplary damages as allowed by law to punish **EECI, Inc.** for proximately causing Mr. Johnson's untimely death;

9.      Prejudgment interest on all elements of damages as allowed by law; and

10.     Loss of inheritance.

The actions and inactions of **EECI, Inc.**, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the damages, diseases and death of Mr. Johnson.   More specifically, Ebasco consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Mr. Johnson and should be held liable in punitive and exemplary damages to Plaintiff.

Additionally, the actions, omissions, and/or undertakings of Ebasco were of such a character as to make Ebasco guilty of malice.   The conduct of Ebasco involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.   In addition, Ebasco had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Further, notwithstanding the above, Ebasco's conduct is of such a nature that it violates Tex. Civ. Prac. & Rem. Code § 41.008(c)(4) and (7).   Accordingly, as a result of the conduct of Ebasco, Plaintiff seeks exemplary damages in such an amount as to be found to be proper under the facts and circumstances.

Notwithstanding the above, when formulating the amount of exemplary damages, the jury should also consider:

1.      the nature of Defendant's wrong;

2.      the character of Defendant's conduct;

3.      the degree of Defendant's culpability;

4.      the situation and sensibilities of the Plaintiff and Mr. Johnson;

5.      the extent to which Defendant's conduct offends a public sense of justice and propriety; and

6.      the net worth of Defendant.

Additionally, Pursuant to Tex. R. Civ. P. 47, Plaintiffs seeks monetary relief of over $1,000,000.00.

**10.**

**<u>WRONGFUL DEATH & SURVIVAL DAMAGES</u>**

Plaintiff is entitled to negligence, wrongful death, and survival damages. Further, heirs and wrongful death beneficiaries of Mr. Johnson will seek general and special damages including, but not limited to, damages for survival and wrongful death claims that they have sustained both in their individual capacity and as personal representatives of the Estate of Jack W. Johnson:

1.      The conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.      The mental anguish sustained by Mr. Johnson prior to his death;

3.      The physical impairment suffered by Mr. Johnson prior to his death;

4.      The disfigurement suffered by Mr. Johnson prior to his death;

5.      Reasonable and necessary medical expenses incurred by Mr. Johnson prior to his death;

6.      Reasonable funeral and burial expenses incurred by Plaintiff and the Estate of Jack W. Johnson;

7.      Mr. Johnson's lost earning capacity;

8.      The loss of household services, consortium, pecuniary loss, companionship and society that Plaintiff received from Mr. Johnson prior to his last illnesses and death;

9.      The mental anguish suffered by Plaintiff as a consequence of the last illnesses and death of Mr. Johnson;

10.     Punitive and exemplary damages as allowed by law to punish **EECI, Inc.** for proximately causing Mr. Johnson's untimely death;

11.     Prejudgment interest on all elements of damages as allowed by law; and,

12.     Any other actual, compensatory, punitive and exemplary damages recoverable pursuant to the wrongful death and survival act as set out by Chapter 71 of the Texas Civil Practices and Remedy Code.

## 11.

## **JURY DEMAND**

Plaintiff demands that all issues of fact in this case be tried to a Jury and has tendered the Jury fee herewith.

## 12.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial, the Plaintiff have judgment against Defendant, and recover damages from the Defendant in an amount to be determined by a jury, plus costs of Court, interest as allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which this Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**SHRADER & ASSOCIATES, LLP**

By:   \_/s/ Ross D. Stomel_____
 Ross Stomel (TSB#24041979)
 Robert E. Shuttlesworth (TSB#24033184)
 3900 Essex Ln., Suite 390
 Houston, TX   77027
 Telephone: 713/782-0000
 Facsimile: 713/571-9605
 Email:   robert@shraderlaw.com

## Certificate of Service

I hereby certify that a true and correct copy of the above was forwarded to and served upon all counsel of record on this the 7th day of June, 2018 in accordance with the Texas Rules of Civil Procedure.

\_/s/ Ross D. Stomel_____
Ross D. Stomel

4/3/2018 11:22:52 AM
**Chris Daniel - District Clerk**
**Harris County**
**Envelope No: 23598915**
**By: ELDRIDGE, WALTER F**
**Filed: 4/3/2018 11:22:52 AM**

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  Original Petition

**FILE DATE OF MOTION:** _____  03        29        2018
                                          Month/    Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME:  Sempra Energy

    ADDRESS:  488 8th Ave., San Diego, CA 92101

    AGENT, *(if applicable)*:

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

    **SERVICE BY** *(check one)*:

    ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
    ☒ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up:  Clear Legal        Phone: 281-528-2071
    ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
    ☐ **PUBLICATION:**
        Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    ☐ **OTHER,** *explain* _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, *(if applicable)*: _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

    **SERVICE BY** *(check one)*:

    ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**

    ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____

    ☐ **MAIL**                                ☐ **CERTIFIED MAIL**

    ☐ **PUBLICATION:**
        Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____

    ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Ross D. Stomel _____     TEXAS BAR NO./ID NO.  24041979

MAILING ADDRESS:  3900 Essex Lane., Suite 390, Houston, TX 77027

PHONE NUMBER:  713        782-0000 _____     FAX NUMBER:  713        571-9605
                area code        phone number                       area code        fax number

EMAIL ADDRESS:  ross@shraderlaw.com

CIVC108 Revised 4/2/99

**EXHIBIT B1**

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED  Diane Johnson, Indiv. and as Rep of the Estate of Jack W. Johnson, dec'd vs. Sempra Energy
_____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Ross D. Stomel <br> **Email:** ross@shraderlaw.com | **Plaintiff(s)/Petitioner(s):** <br> Diane Johnson | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: |
| **Address:** 3900 Essex Ln., Suite 390 <br> **Telephone:** 713-782-0000 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX 77027 <br> **Fax:** 713-571-9605 | **Defendant(s)/Respondent(s):** <br> Sempra Energy | **Custodial Parent:** <br> **Non-Custodial Parent:** |
| **Signature:** <br> **State Bar No:** 24041979 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☒ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Family Law

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

**EXHIBIT B2**

Cause No. _____

| | | |
|---|---|---|
| DIANE JOHNSON, Individually and as Representative of the Estate of JACK W. JOHNSON, deceased, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| vs. | § § § | HARRIS COUNTY, TEXAS |
| SEMPRA ENERGY, as successor to the liability of Ebasco Services, Inc., | § § § | |
| Defendant. | § § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff and complains of the Defendant listed herein and for causes of action would show the Court and the Jury as follows:

### 1.

### DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190, Plaintiff respectfully requests that discovery in this case be conducted under a Level 3 Discovery Control Plan.

### 2.

### PARTIES

Plaintiff is **Diane Johnson, Individually and as Representative of the Estate of Jack W. Johnson, decedent.** Diane Johnson is the surviving spouse of Jack W. Johnson. The last three digits of her social security number is 969. Diane Johnson is resident of Alabama.

Jack W. Johnson was employed from approximately 1954-2011 as an electrician working at numerous locations throughout the United States, including but not limited to Illinois, Virginia,

Page **1** of **10**

EXHIBIT B3

Louisiana, Texas, Pennsylvania, Mississippi, Nebraska, Oklahoma, Alabama, Oregon, Virginia, California, Colorado and Nebraska.

During the course of his employment at the locations mentioned above, the Mr. Johnson was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around that were manufactured, sold, distributed or installed by **Defendant SEMPRA ENERGY**. Sempra Energy is successor to the liability of Ebasco Services, Inc. ("Ebasco") and is a corporation organized and existing under and by virtue of the laws of the State of California. Its address is 488 8th Avenue, San Diego, California, 92101 and will be served through the Secretary of State of the State of Texas.

## 3.

## JURISDICTION

Jurisdiction is proper in this Court in that the amount in controversy exceeds the minimal jurisdictional limits of this Court, and the Defendant is subject to personal jurisdiction in the State of Texas. Moreover, the Defendant has conducted a substantial amount of business activity and has committed a tort, in whole or in part, in Texas. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed, including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office. Plaintiff reserves the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

## 4.

## VENUE

Venue of this action is proper as to the Plaintiff in Harris County, Texas under Tex.

C.P.R.C. 15.002(a) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Harris County. Specifically, Plaintiff is making a claim for Decedent's exposure to asbestos at a facilities located in Harris County.

### 5.

### BACKGROUND

Jack Johnson had an extensive history of exposure to asbestos containing materials during his career as a journeyman electrician. Mr. Johnson started working in the electrical field in 1950 and was exposed to asbestos on a regular and frequent basis up through the early 1990s. These exposures led to his contraction of mesothelioma and his death on June 13, 2014.

On February 26, 2018, Defendant Sempra Energy announced that the U.S. Bankruptcy Court for the District of Delaware confirmed the plan of reorganization for Energy Future Holdings Corp. (Ebasco) and provided its final approval for Sempra Energy's agreement to acquire EFH's assets and liabilities. Jack and Diane Johnson filed a proof of claim in the bankruptcy and are now entitled to bring suit directly against Sempra Energy's for Ebasco's responsibility in causing Plaintiff and Decedent's injuries in the individual capacities in which they have been sued. Plaintiff reserve the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

### 6.

### TEX. CIV. PRAC. & REM. CODE §90.006 (2005)

The citizens of the State of Texas and their state representatives believe that exposure to asbestos, particularly through inhalation of asbestos fibers, causes malignant and nonmalignant diseases, including mesothelioma and asbestosis. As such, it is the policy of the State of Texas to protect the right of people with impairing asbestos-related injuries to pursue their claims for

compensation in a fair and efficient manner through the Texas court system. Act of May 16, 2005, 79th Leg., R.S., ch. 97, § 1(n), 2005 Tex. Gen. Laws 169.

In keeping with the stated policy of the State of Texas, Plaintiff brings the following claims against Sempra Energy which is responsible for her husband's asbestos-related injuries and subsequent death. Accordingly, Plaintiff attaches to their original petition as Exhibit 1, Mr. Johnson's Tex. Civ. Prac. & Rem. Code 90.003 medical report as required by Tex. Civ. Prac. & Rem. Code 90.006.

### 7.

### STRICT LIABILITY

Plaintiff pleads and invokes the doctrine of strict liability against Ebasco because it was engaged in the sale of asbestos containing products. Plaintiff will show that the Defendant's products were defectively marketed and designed, that such defective conditions rendered their products unreasonably dangerous in the intended and reasonably anticipated use of their products, and that such defective conditions existed at the time they left Defendant's possession. Defendant knew or should have foreseen the risk of harm of their unreasonably dangerous products. Defendant's acts or omissions in these regards were producing causes of Plaintiff's injuries, damages, and/or death.

### 8.

### NEGLIGENCE

Mr. Johnson was exposed to large quantities of asbestos and asbestos-containing products. The law imposed various duties on Defendant with respect to the safety and welfare of others such as Mr. Johnson. Defendant breached those duties by a multitude of acts, omissions, and/or

undertakings which amount to negligence. Defendant knew, or in the exercise of ordinary care, should have known that the asbestos-containing products and/or machinery they sold, supplied, distributed, re-labeled, applied, installed, specified, bought, removed, manipulated, or otherwise exposed Mr. Johnson to was extremely dangerous and harmful to his health. As a proximate cause of such negligence, Plaintiff has suffered the injuries and damages complained of herein.

Additionally, without waiving any specific acts of negligence as to Defendant, Plaintiff hereby gives notice of intent to rely on the doctrine of *res ipsa loquitur*, as Defendant's asbestos-containing products were under the exclusive management and control of Defendant, and given the character of Decedent's injuries and damages are such that they would ordinarily not have occurred in the absence of negligence.

Plaintiff would further show that Ebasco was one of the principal contractors that designed, built, and maintained the facilities that Mr. Johnson worked within. Ebasco was negligent in its sale, provision, installation, use, maintenance, distribution, repair, abatement, removal, and/or tear-out, of dangerous and deadly asbestos-containing products causing exposures to workers such as Mr. Johnson. The Defendant failed to warn of the hazards known to them or to prevent these exposures from occurring was a proximate cause of decedent's injuries and damages.

9.

## DAMAGES

As a direct and proximate result of Ebasco's negligence, Mr. Johnson sustained a multitude of severe and deadly injuries. Upon trial of this case, Plaintiff respectfully requests the Court and Jury to determine the amount of loss Mr. Johnson has incurred. Mr. Johnson was damaged in the following particulars:

1. Prior to his death, Mr. Johnson suffered great physical pain and mental anguish;

2. Prior to his death, Mr. Johnson incurred hospital and/or medical and/or pharmaceutical and/or other expenses;

3. Prior to his death, Mr. Johnson suffered physical impairment;

4. Prior to his death, Mr. Johnson suffered permanent partial disability;

5. Prior to his death, Mr. Johnson required medical monitoring and required domestic help and nursing care due to his disabilities;

6. Prior to onset of his symptoms, Mr. Johnson was extremely active and participated in numerous hobbies and activities, and, as a result of his illnesses, he was prevented from engaging in all of said activities that were normal to him prior to developing symptoms from his disease; and,

7. Loss of earning capacity and lost wages.

As a direct and proximate result of Ebasco's negligence, Mr. Johnson's spouse sustained a multitude of injuries. Upon trial of this case, Plaintiff respectfully request the Court and Jury to determine the amount of loss Mr. Johnson's spouse has incurred. Mr. Johnson's spouse has been damaged in the following particulars:

1. Witnessing the conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2. Witnessing the mental anguish sustained by Mr. Johnson prior to his death;

3. Witnessing the physical impairment suffered by Mr. Johnson prior to his death;

4. Witnessing the disfigurement suffered by Mr. Johnson prior to his death;

5. Reasonable funeral and burial expenses incurred by the Mrs. Johnson and the Jack

Johnson Estate;

6.     The loss of household services, consortium, pecuniary loss, companionship and society that Mrs. Johnson received from Mr. Johnson prior to his last illnesses and death;

7.     The mental anguish suffered by Mrs. Johnson as a consequence of the last illnesses and death of Mr. Johnson;

8.     Punitive and exemplary damages as allowed by law to punish Sempra Energy for proximately causing Mr. Johnson's untimely death;

9.     Prejudgment interest on all elements of damages as allowed by law; and

10.     Loss of inheritance.

The actions and inactions of Sempra Energy, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the damages, diseases and death of Mr. Johnson. More specifically, Ebasco consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Mr. Johnson and should be held liable in punitive and exemplary damages to Plaintiff.

Additionally, the actions, omissions, and/or undertakings of Ebasco were of such a character as to make Ebasco guilty of malice. The conduct of Ebasco involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. In addition, Ebasco had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Further, notwithstanding the above, Ebasco's conduct is of such a nature that it violates Tex. Civ. Prac. & Rem. Code § 41.008(c)(4) and (7). Accordingly, as a result of the conduct of Ebasco, Plaintiff seeks exemplary damages

in such an amount as to be found to be proper under the facts and circumstances.

Notwithstanding the above, when formulating the amount of exemplary damages, the jury should also consider:

1. the nature of Defendant's wrong;

2. the character of Defendant's conduct;

3. the degree of Defendant's culpability;

4. the situation and sensibilities of the Plaintiff and Mr. Johnson;

5. the extent to which Defendant's conduct offends a public sense of justice and propriety; and

6. the net worth of Defendant.

Additionally, Pursuant to Tex. R. Civ. P. 47, Plaintiffs seeks monetary relief of over $1,000,000.00.

## 10.

## WRONGFUL DEATH & SURVIVAL DAMAGES

Plaintiff is entitled to negligence, wrongful death, and survival damages. Further, heirs and wrongful death beneficiaries of Mr. Johnson will seek general and special damages including, but not limited to, damages for survival and wrongful death claims that they have sustained both in their individual capacity and as personal representatives of the Estate of Jack W. Johnson:

1. The conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2. The mental anguish sustained by Mr. Johnson prior to his death;

3. The physical impairment suffered by Mr. Johnson prior to his death;

4.    The disfigurement suffered by Mr. Johnson prior to his death;

5.    Reasonable and necessary medical expenses incurred by Mr. Johnson prior to his death;

6.    Reasonable funeral and burial expenses incurred by Plaintiff and the Estate of Jack W. Johnson;

7.    Mr. Johnson's lost earning capacity;

8.    The loss of household services, consortium, pecuniary loss, companionship and society that Plaintiff received from Mr. Johnson prior to his last illnesses and death;

9.    The mental anguish suffered by Plaintiff as a consequence of the last illnesses and death of Mr. Johnson;

10.    Punitive and exemplary damages as allowed by law to punish Sempra Energy for proximately causing Mr. Johnson's untimely death;

11.    Prejudgment interest on all elements of damages as allowed by law; and,

12.    Any other actual, compensatory, punitive and exemplary damages recoverable pursuant to the wrongful death and survival act as set out by Chapter 71 of the Texas Civil Practices and Remedy Code.

## 11.

## <u>JURY DEMAND</u>

Plaintiff demands that all issues of fact in this case be tried to a Jury and has tendered the Jury fee herewith.

## 12.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial, the Plaintiff have judgment against Defendant, and recover damages from the Defendant in an amount to be determined by a jury, plus costs of Court, interest as allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which this Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**SHRADER & ASSOCIATES, LLP**

By: _____

Ross Stomel (TSB#24041979)
Robert E. Shuttlesworth (TSB#24033184)
3900 Essex Ln., Suite 390
Houston, TX 77027
Telephone: 713/782-0000
Facsimile: 713/571-9605
Email: ross@shraderlaw.com
Email: robert@shraderlaw.com



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED
VERIFIED

## Civil Process Pick-Up Form

## CAUSE NUMBER: __201822086_____

ATY_____          CIV____X____      COURT ___129___

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| ATTORNEY: ___Stomel, Ross D._____     PH: __713-782-0000_____ |
| CIVIL PROCESS SERVER: _____Clear Legal _137_____ |
| PH: _____281-528-2071_____ |
| PERSON NOTIFIED SVC READY: _Camelia_____ DATE: _04-06-2018_____ |

Type of Service Document: _Citation_____     Tracking Number _73480188_____
Type of Service Document: _____     Tracking Number_____
Type of Service Document: _____     Tracking Number_____
Type of Service Document: _____     Tracking Number_____
Type of Service Document: _____     Tracking Number_____
Type of Service Document: _____     Tracking Number_____
Type of Service Document: _____     Tracking Number_____

Process papers prepared by: _Walter Eldridge_

Date: _04_-_06__-2018          30 days waiting _05__-_06__-2018

| | |
|---|---|
| Process papers released to: | _Ransy Venturella_ |
| | (PRINT NAME) |
| _832 867 6006_ | _____ |
| (CONTACT NUMBER) | (SIGNATURE) |
| Process papers released by: | _W. Chanler_ |
| | (PRINT NAME) |
| | _W. Chanler_ |
| | (SIGNATURE) |
| Date: _4-11_____, 2018  Time: _12:56_ AM (PM) | |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

EXHIBIT B4

CAUSE NO.   201822086

RECEIPT NO.                                    0.00      CIV
            **********                 TR # 73480188

PLAINTIFF: JOHNSON, DIANE (INDIVIDUALLY AND AS REPRESENTATIVE     In The   129th
OF THE ESTATE OF                                                 Judicial District Court
               vs.                                               of Harris County, Texas
DEFENDANT: SEMPRA ENERGY (SUCCESSOR TO THE LIABILITY OF EBASCO   129TH DISTRICT COURT
SERVICES INC)                                                    Houston, TX

                CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT)
THE STATE OF TEXAS
County of Harris

TO: SEMPRA ENERGY (SUCESSOR TO THE LIABILITY OF EBASCO SERVICES INC)
    (CORPORATION) WILL BE SERVED THROUGH THE SECRETARY OF THE STATE
    OF TEXAS P O BOX 12079 AUSTIN TX 78711
    FORWARD TO:
    488  8TH AVENUE   SAN DIEGO CA  92101

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 3rd day of April, 2018, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of April, 2018, under my hand and
seal of said Court.

Issued at request of:                      CHRIS DANIEL, District Clerk
STOMEL, ROSS DANIEL                        Harris County, Texas
3900  ESSEX LANE SUITE 390                 201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 782-0000
Bar No.: 24041979                GENERATED BY: ELDRIDGE, WALTER F  J8P//10919309

                    OFFICER/AUTHORIZED PERSON RETURN
        Received on the ____ day of _____, _____, at _____ o'clock ____ .M., and

executed the same in _____ County, Texas, on the ____ day of _____, _____, at

_____ o'clock _____.M., by summoning the _____,

                 by delivering to _____, in person _____
a corporation <
                 by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ **AFFIDAVIT**
_____          **ATTACHED**_____
         Affiant                                By              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                            Notary Public

EXHIBIT B5

# RETURN OF SERVICE

### Cause No. 201822086

In The 129th Judicial District Court of
Harris County, Texas

DIANE JOHNSON, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE
OF JACK W. JOHNSON, DECEASED
     Plaintiff

V.

SEMPRA ENERGY, AS SUCCESSOR TO
THE LIABILITY OF EBASCO SERVICES, INC.
     Defendant

Came to hand on April 16, 2018, at 04:50 PM.

Executed at 1019 Brazos St., 1st Floor, Austin, TX 78701, within the County of Travis at 12:59 PM on April 17, 2018, by delivering to the within named:

**SEMPRA ENERGY (SUCCESSOR TO THE LIABILITY OF EBASCO SERVICES INC.),**

**by delivering to THE TEXAS SECRETARY OF STATE, by and through its designated agent, LIZ CORDELL, true duplicate copies of this Citation together with Plaintiff's Original Petition, having first endorsed upon both copies of such process the date of delivery, and tendering the $55 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501 and 501.2 of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.

By: _____
           Jeff Keyton
           PSC-735, Exp: 7/31/2020

### VERIFICATION

STATE OF TEXAS      §
COUNTY OF TRAVIS   §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Jeff Keyton, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this April 17, 2018.

18-032170/103609



NOTARY PUBLIC, STATE OF TEXAS

**Cause No. 2018-22086**

| | | |
|---|---|---|
| DIANE JOHNSON, Individually and as Representative of the Estate of JACK W. JOHNSON, deceased, | § § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § § | |
| vs. | § § § | HARRIS COUNTY, TEXAS |
| EECI, INC., as successor to the liability of Ebasco Services, Inc., | § § § | |
| **Defendant.** | § § | 129th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

COMES NOW Plaintiff and complains of the Defendant listed herein and for causes of action would show the Court and the Jury as follows:

### 1.

### DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190, Plaintiff respectfully requests that discovery in this case be conducted under a Level 3 Discovery Control Plan.

### 2.

### PARTIES

Plaintiff is Diane Johnson, Individually and as Representative of the Estate of Jack W. Johnson, decedent.   Diane Johnson is the surviving spouse of Jack W. Johnson. The last three digits of her social security number is 969.   Diane Johnson is resident of Alabama.

Jack W. Johnson was employed from approximately 1954-2011 as an electrician working at numerous locations throughout the United States, including but not limited to Illinois, Virginia,

Page **1** of **10**

EXHIBIT B6

Louisiana, Texas, Pennsylvania, Mississippi, Nebraska, Oklahoma, Alabama, Oregon, Virginia, California, Colorado and Nebraska.

During the course of his employment at the locations mentioned above, the Mr. Johnson was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around that were manufactured, sold, distributed or installed by **Defendant EECI, INC. EECI, INC. is successor to the liability of Ebasco Services, Inc. ("Ebasco") and is a corporation organized and existing under and by virtue of the laws of the State of Nevada and doing business in the State of Texas, but has not designated a resident agent for service of process. This corporation can be served c/o CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, NV 89119 pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant will be served through the Secretary of State for the State of Texas.**

### 3.

### <u>JURISDICTION</u>

Jurisdiction is proper in this Court in that the amount in controversy exceeds the minimal jurisdictional limits of this Court, and the Defendant is subject to personal jurisdiction in the State of Texas. Moreover, the Defendant has conducted a substantial amount of business activity and has committed a tort, in whole or in part, in Texas. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed, including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office. Plaintiff reserves the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

**4.**

## VENUE

Venue of this action is proper as to the Plaintiff in Harris County, Texas under Tex. C.P.R.C. 15.002(a) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Harris County. Specifically, Plaintiff is making a claim for Decedent's exposure to asbestos at a facilities located in Harris County.

**5.**

## BACKGROUND

Jack Johnson had an extensive history of exposure to asbestos containing materials during his career as a journeyman electrician. Mr. Johnson started working in the electrical field in 1950 and was exposed to asbestos on a regular and frequent basis up through the early 1990s. These exposures led to his contraction of mesothelioma and his death on June 13, 2014.

**Defendant named above bears responsibility in causing Plaintiff and Decedent's injuries in the individual capacities in which they have been sued. Plaintiff reserve the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages**.

**6.**

## TEX. CIV. PRAC. & REM. CODE §90.006 (2005)

The citizens of the State of Texas and their state representatives believe that exposure to asbestos, particularly through inhalation of asbestos fibers, causes malignant and nonmalignant diseases, including mesothelioma and asbestosis. As such, it is the policy of the State of Texas to protect the right of people with impairing asbestos-related injuries to pursue their claims for compensation in a fair and efficient manner through the Texas court system. Act of May 16, 2005,

79th Leg., R.S., ch. 97, § 1(n), 2005 Tex. Gen. Laws 169.

In keeping with the stated policy of the State of Texas, Plaintiff brings the following claims against **EECI, Inc.,** which is responsible for her husband's asbestos-related injuries and subsequent death. Accordingly, Plaintiff attaches to their original petition as Exhibit 1, Mr. Johnson's Tex. Civ. Prac. & Rem. Code 90.003 medical report as required by Tex. Civ. Prac. & Rem. Code 90.006.

**7.**

**STRICT LIABILITY**

Plaintiff pleads and invokes the doctrine of strict liability against Ebasco because it was engaged in the sale of asbestos containing products. Plaintiff will show that the Defendant's products were defectively marketed and designed, that such defective conditions rendered their products unreasonably dangerous in the intended and reasonably anticipated use of their products, and that such defective conditions existed at the time they left Defendant's possession. Defendant knew or should have foreseen the risk of harm of their unreasonably dangerous products. Defendant's acts or omissions in these regards were producing causes of Plaintiff's injuries, damages, and/or death.

**8.**

**NEGLIGENCE**

Mr. Johnson was exposed to large quantities of asbestos and asbestos-containing products. The law imposed various duties on Defendant with respect to the safety and welfare of others such as Mr. Johnson. Defendant breached those duties by a multitude of acts, omissions, and/or undertakings which amount to negligence. Defendant knew, or in the exercise of ordinary care,

should have known that the asbestos-containing products and/or machinery they sold, supplied, distributed, re-labeled, applied, installed, specified, bought, removed, manipulated, or otherwise exposed Mr. Johnson to was extremely dangerous and harmful to his health. As a proximate cause of such negligence, Plaintiff has suffered the injuries and damages complained of herein.

Additionally, without waiving any specific acts of negligence as to Defendant, Plaintiff hereby gives notice of intent to rely on the doctrine of *res ipsa loquitur*, as Defendant's asbestos-containing products were under the exclusive management and control of Defendant, and given the character of Decedent's injuries and damages are such that they would ordinarily not have occurred in the absence of negligence.

Plaintiff would further show that Ebasco was one of the principal contractors that designed, built, and maintained the facilities that Mr. Johnson worked within. Ebasco was negligent in its sale, provision, installation, use, maintenance, distribution, repair, abatement, removal, and/or tear-out, of dangerous and deadly asbestos-containing products causing exposures to workers such as Mr. Johnson. The Defendant failed to warn of the hazards known to them or to prevent these exposures from occurring was a proximate cause of decedent's injuries and damages.

**9.**

**DAMAGES**

As a direct and proximate result of Ebasco's negligence, Mr. Johnson sustained a multitude of severe and deadly injuries. Upon trial of this case, Plaintiff respectfully requests the Court and Jury to determine the amount of loss Mr. Johnson has incurred. Mr. Johnson was damaged in the following particulars:

    1.        Prior to his death, Mr. Johnson suffered great physical pain and mental anguish;

2.      Prior to his death, Mr. Johnson incurred hospital and/or medical and/or pharmaceutical and/or other expenses;

3.      Prior to his death, Mr. Johnson suffered physical impairment;

4.      Prior to his death, Mr. Johnson suffered permanent partial disability;

5.      Prior to his death, Mr. Johnson required medical monitoring and required domestic help and nursing care due to his disabilities;

6.      Prior to onset of his symptoms, Mr. Johnson was extremely active and participated in numerous hobbies and activities, and, as a result of his illnesses, he was prevented from engaging in all of said activities that were normal to him prior to developing symptoms from his disease; and,

7.      Loss of earning capacity and lost wages.

As a direct and proximate result of Ebasco's negligence, Mr. Johnson's spouse sustained a multitude of injuries. Upon trial of this case, Plaintiff respectfully request the Court and Jury to determine the amount of loss Mr. Johnson's spouse has incurred.   Mr. Johnson's spouse has been damaged in the following particulars:

1.      Witnessing the conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.      Witnessing the mental anguish sustained by Mr. Johnson prior to his death;

3.      Witnessing the physical impairment suffered by Mr. Johnson prior to his death;

4.      Witnessing the disfigurement suffered by Mr. Johnson prior to his death;

5.      Reasonable funeral and burial expenses incurred by the Mrs. Johnson and the Jack Johnson Estate;

6.	The loss of household services, consortium, pecuniary loss, companionship and society that Mrs. Johnson received from Mr. Johnson prior to his last illnesses and death;

7.	The mental anguish suffered by Mrs. Johnson as a consequence of the last illnesses and death of Mr. Johnson;

8.	Punitive and exemplary damages as allowed by law to punish **EECI, Inc.** for proximately causing Mr. Johnson's untimely death;

9.	Prejudgment interest on all elements of damages as allowed by law; and

10.	Loss of inheritance.

The actions and inactions of **EECI, Inc.**, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the damages, diseases and death of Mr. Johnson.   More specifically, Ebasco consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Mr. Johnson and should be held liable in punitive and exemplary damages to Plaintiff.

Additionally, the actions, omissions, and/or undertakings of Ebasco were of such a character as to make Ebasco guilty of malice.   The conduct of Ebasco involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.   In addition, Ebasco had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Further, notwithstanding the above, Ebasco's conduct is of such a nature that it violates Tex. Civ. Prac. & Rem. Code § 41.008(c)(4) and (7).   Accordingly, as a result of the conduct of Ebasco, Plaintiff seeks exemplary damages in such an amount as to be found to be proper under the facts and circumstances.

Notwithstanding the above, when formulating the amount of exemplary damages, the jury should also consider:

1.   the nature of Defendant's wrong;

2.   the character of Defendant's conduct;

3.   the degree of Defendant's culpability;

4.   the situation and sensibilities of the Plaintiff and Mr. Johnson;

5.   the extent to which Defendant's conduct offends a public sense of justice and propriety; and

6.   the net worth of Defendant.

Additionally, Pursuant to Tex. R. Civ. P. 47, Plaintiffs seeks monetary relief of over $1,000,000.00.

## 10.

## WRONGFUL DEATH & SURVIVAL DAMAGES

Plaintiff is entitled to negligence, wrongful death, and survival damages. Further, heirs and wrongful death beneficiaries of Mr. Johnson will seek general and special damages including, but not limited to, damages for survival and wrongful death claims that they have sustained both in their individual capacity and as personal representatives of the Estate of Jack W. Johnson:

1.   The conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.   The mental anguish sustained by Mr. Johnson prior to his death;

3.   The physical impairment suffered by Mr. Johnson prior to his death;

4.   The disfigurement suffered by Mr. Johnson prior to his death;

5. Reasonable and necessary medical expenses incurred by Mr. Johnson prior to his death;

6. Reasonable funeral and burial expenses incurred by Plaintiff and the Estate of Jack W. Johnson;

7. Mr. Johnson's lost earning capacity;

8. The loss of household services, consortium, pecuniary loss, companionship and society that Plaintiff received from Mr. Johnson prior to his last illnesses and death;

9. The mental anguish suffered by Plaintiff as a consequence of the last illnesses and death of Mr. Johnson;

10. Punitive and exemplary damages as allowed by law to punish **EECI, Inc.** for proximately causing Mr. Johnson's untimely death;

11. Prejudgment interest on all elements of damages as allowed by law; and,

12. Any other actual, compensatory, punitive and exemplary damages recoverable pursuant to the wrongful death and survival act as set out by Chapter 71 of the Texas Civil Practices and Remedy Code.

## 11.

## <u>JURY DEMAND</u>

Plaintiff demands that all issues of fact in this case be tried to a Jury and has tendered the Jury fee herewith.

## 12.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial, the Plaintiff have judgment against Defendant, and recover damages from the Defendant in an amount to be determined by a jury, plus costs of Court, interest as allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which this Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**SHRADER & ASSOCIATES, LLP**


By:   _/s/ Ross D. Stomel_____
                Ross Stomel (TSB#24041979)
                Robert E. Shuttlesworth (TSB#24033184)
                3900 Essex Ln., Suite 390
                Houston, TX   77027
                Telephone: 713/782-0000
                Facsimile: 713/571-9605
                Email:   robert@shraderlaw.com


## Certificate of Service

I hereby certify that a true and correct copy of the above was forwarded to and served upon all counsel of record on this the 7th day of June, 2018 in accordance with the Texas Rules of Civil Procedure.

                _/s/ Ross D. Stomel_____
                Ross D. Stomel

6/7/2018 12:23:42 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 25128059
By: BLESSING, JACOB K
Filed: 6/7/2018 12:23:42 PM

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 2018-22086   **CURRENT COURT:** 129th

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): First Amended Petition

**FILE DATE OF MOTION:** 06 / 07 / 2018
Month/ Day/ Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: EECI, Inc.

   ADDRESS: 2215-B Renaissance Dr., Las Vegas, NV 89119

   AGENT, (if applicable): CSC Services of Nevada, Inc.

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP      [ ] CONSTABLE
- [x] CIVIL PROCESS SERVER - Authorized Person to Pick-up: Clear Legal    Phone: 281-528-2071
- [ ] MAIL                  [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
      Type of Publication:  [ ] COURTHOUSE DOOR, or
                            [ ] NEWSPAPER OF YOUR CHOICE:
- [ ] OTHER, explain

**************************************************************************************

****

2. NAME:

   ADDRESS:

   AGENT, (if applicable):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP      [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up:    Phone:
- [ ] MAIL                  [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
      Type of Publication:  [ ] COURTHOUSE DOOR, or
                            [ ] NEWSPAPER OF YOUR CHOICE:
- [ ] OTHER, explain

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Ross D. Stomel     TEXAS BAR NO./ID NO. 24041979

MAILING ADDRESS: 3900 Essex Lane, Suite 390, Houston, TX 77027

PHONE NUMBER: 713 / 782-0000     FAX NUMBER: 713 / 571-9605
             area code / phone number              area code / fax number

EMAIL ADDRESS: ross@shraderlaw.com

CIVC108 Revised 4 9/3/99

**EXHIBIT B7**

*CW*



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

CAUSE NUMBER: 2018-22086

ATY _____   CIV 6   COURT 129

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

*ATTORNEY: Arnold, Ress          * PH: 713-782-0000

*CIVIL PROCESS SERVER: Clear Legal

*PH: 281-528-2071

*PERSON NOTIFIED SVC READY: _____

* NOTIFIED BY: WC

*DATE: 6-13-18

Type of Service Document: See attache    Tracking Number 735UJ46
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____

Process papers prepared by: **WANDA CHAMBERS** _____

Date: 6 / 13 /2018      30 days waiting 7/13 /2018 _____

*Process papers released to: Ramsay Venturello
832 867 6006.                    (PRINT NAME)
                                 RV
*(CONTACT NUMBER)                (SIGNATURE)
                                 **CARLA CARRILLO**
*Process papers released by: _____
                                 (PRINT NAME)

                                 (SIGNATURE)

* Date: 6/15 , 2018  Time: 9:00   AM / PM

## EXHIBIT B8

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**Entire document must be completed**   (do not change this document)  Revised 1/9/2015

# SHRADER & ASSOCIATES, L.L.P.

### ATTORNEYS AT LAW

JUSTIN H. SHRADER+*
WILLIAM C. SHRADER+*
ROSS D. STOMEL+*#
MATTHEW B. MCLEOD+

THOMAS H. HART, III ¤◊"
*Of Counsel*

EUGENE R. EGDORF+
*SENIOR COUNSEL*

ROBERT E. SHUTTLESWORTH+
ALLYSON M. ROMANI*
JORDAN C. ROBERTS+
VANESSA DENNIS~-
BRADLEY D. PEEK +
WILLIAM B. ALLEN+
A. LAYNE STACKHOUSE°
LUKE A. KEOGH+
JAMES B. HARTLE+

3900 ESSEX LANE
SUITE 390
HOUSTON, TEXAS 77027

22A GINGER CREEK PARKWAY
GLEN CARBON, ILLINOIS 62034

TEXAS: 713-782-0000
ILLINOIS: 618-659-0001
FACSIMILE: 713-571-9605
TOLL-FREE: 1-866-262-8170

+ ADMITTED IN TEXAS
* ADMITTED IN ILLINOIS
~ADMITTED IN MASSACHUSETTS
- ADMITTED IN RHODE ISLAND
#ADMITTED IN MISSOURI
° ADMITTED IN KENTUCKY
¤ ADMITTED IN SOUTH CAROLINA
◊ ADMITTED IN VIRGIN ISLANDS
"ADMITTED IN WASHINGTON STATE

June 13, 2018

Harris County District Clerk
***ATTN:  REGINA***
Civil Courthouse
201 Caroline
Houston, TX 77002
***Via ProDoc eFiling 2***

**Re:  Diane Johnson, Individually and as Representative of the Estate of Jack W. Johnson, deceased vs. Sempra Energy – Cause No. 2018-22086**

Dear Clerk:

I am writing to correct my error regarding the civil process fee in this case.  I should have indicated the citation was to be served via the Secretary of State and paid the corresponding $12 fee.  Instead, I only paid an $8.00 fee, shortchanging the total by $4.00.  Please let this serve as my correspondence to correct me error and pay the additional fee for service by Secretary of State.

Thank you for calling to advise us how to correct this issue.

Very truly yours,

*/s/ Jolyn Tarr*

Jolyn Tarr
Case Management Paralegal

JTT:id

EXHIBIT B9

Cause No. _____

| | | |
|---|---|---|
| DIANE JOHNSON, Individually and as Representative of the Estate of JACK W. JOHNSON, deceased, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| vs. | § § § | HARRIS COUNTY, TEXAS |
| SEMPRA ENERGY, as successor to the liability of Ebasco Services, Inc., | § § § | |
| Defendant. | § § § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff and complains of the Defendant listed herein and for causes of action would show the Court and the Jury as follows:

**1.**

## DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190, Plaintiff respectfully requests that discovery in this case be conducted under a Level 3 Discovery Control Plan.

**2.**

## PARTIES

Plaintiff is **Diane Johnson, Individually and as Representative of the Estate of Jack W. Johnson, decedent.** Diane Johnson is the surviving spouse of Jack W. Johnson. The last three digits of her social security number is 969. Diane Johnson is resident of Alabama.

Jack W. Johnson was employed from approximately 1954-2011 as an electrician working at numerous locations throughout the United States, including but not limited to Illinois, Virginia,

Page **1** of **10**

EXHIBIT C1

Louisiana, Texas, Pennsylvania, Mississippi, Nebraska, Oklahoma, Alabama, Oregon, Virginia, California, Colorado and Nebraska.

During the course of his employment at the locations mentioned above, the Mr. Johnson was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around that were manufactured, sold, distributed or installed by **Defendant SEMPRA ENERGY**.   Sempra Energy is successor to the liability of Ebasco Services, Inc. ("Ebasco") and is a corporation organized and existing under and by virtue of the laws of the State of California.   Its address is 488 8th Avenue, San Diego, California, 92101 and will be served through the Secretary of State of the State of Texas.

**3.**

**JURISDICTION**

Jurisdiction is proper in this Court in that the amount in controversy exceeds the minimal jurisdictional limits of this Court, and the Defendant is subject to personal jurisdiction in the State of Texas.   Moreover, the Defendant has conducted a substantial amount of business activity and has committed a tort, in whole or in part, in Texas.   Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed, including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office.   Plaintiff reserves the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

**4.**

**VENUE**

Venue of this action is proper as to the Plaintiff in Harris County, Texas under Tex.

C.P.R.C. 15.002(a) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Harris County. Specifically, Plaintiff is making a claim for Decedent's exposure to asbestos at a facilities located in Harris County.

**5.**

**BACKGROUND**

Jack Johnson had an extensive history of exposure to asbestos containing materials during his career as a journeyman electrician. Mr. Johnson started working in the electrical field in 1950 and was exposed to asbestos on a regular and frequent basis up through the early 1990s. These exposures led to his contraction of mesothelioma and his death on June 13, 2014.

On February 26, 2018, Defendant Sempra Energy announced that the U.S. Bankruptcy Court for the District of Delaware confirmed the plan of reorganization for Energy Future Holdings Corp. (Ebasco) and provided its final approval for Sempra Energy's agreement to acquire EFH's assets and liabilities. Jack and Diane Johnson filed a proof of claim in the bankruptcy and are now entitled to bring suit directly against Sempra Energy's for Ebasco's responsibility in causing Plaintiff and Decedent's injuries in the individual capacities in which they have been sued. Plaintiff reserve the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

**6.**

**TEX. CIV. PRAC. & REM. CODE §90.006 (2005)**

The citizens of the State of Texas and their state representatives believe that exposure to asbestos, particularly through inhalation of asbestos fibers, causes malignant and nonmalignant diseases, including mesothelioma and asbestosis. As such, it is the policy of the State of Texas to protect the right of people with impairing asbestos-related injuries to pursue their claims for

compensation in a fair and efficient manner through the Texas court system. Act of May 16, 2005, 79th Leg., R.S., ch. 97, § 1(n), 2005 Tex. Gen. Laws 169.

In keeping with the stated policy of the State of Texas, Plaintiff brings the following claims against Sempra Energy which is responsible for her husband's asbestos-related injuries and subsequent death. Accordingly, Plaintiff attaches to their original petition as Exhibit 1, Mr. Johnson's Tex. Civ. Prac. & Rem. Code 90.003 medical report as required by Tex. Civ. Prac. & Rem. Code 90.006.

## 7.

## STRICT LIABILITY

Plaintiff pleads and invokes the doctrine of strict liability against Ebasco because it was engaged in the sale of asbestos containing products. Plaintiff will show that the Defendant's products were defectively marketed and designed, that such defective conditions rendered their products unreasonably dangerous in the intended and reasonably anticipated use of their products, and that such defective conditions existed at the time they left Defendant's possession. Defendant knew or should have foreseen the risk of harm of their unreasonably dangerous products. Defendant's acts or omissions in these regards were producing causes of Plaintiff's injuries, damages, and/or death.

## 8.

## NEGLIGENCE

Mr. Johnson was exposed to large quantities of asbestos and asbestos-containing products. The law imposed various duties on Defendant with respect to the safety and welfare of others such as Mr. Johnson. Defendant breached those duties by a multitude of acts, omissions, and/or

undertakings which amount to negligence. Defendant knew, or in the exercise of ordinary care, should have known that the asbestos-containing products and/or machinery they sold, supplied, distributed, re-labeled, applied, installed, specified, bought, removed, manipulated, or otherwise exposed Mr. Johnson to was extremely dangerous and harmful to his health. As a proximate cause of such negligence, Plaintiff has suffered the injuries and damages complained of herein.

Additionally, without waiving any specific acts of negligence as to Defendant, Plaintiff hereby gives notice of intent to rely on the doctrine of *res ipsa loquitur*, as Defendant's asbestos-containing products were under the exclusive management and control of Defendant, and given the character of Decedent's injuries and damages are such that they would ordinarily not have occurred in the absence of negligence.

Plaintiff would further show that Ebasco was one of the principal contractors that designed, built, and maintained the facilities that Mr. Johnson worked within. Ebasco was negligent in its sale, provision, installation, use, maintenance, distribution, repair, abatement, removal, and/or tear-out, of dangerous and deadly asbestos-containing products causing exposures to workers such as Mr. Johnson. The Defendant failed to warn of the hazards known to them or to prevent these exposures from occurring was a proximate cause of decedent's injuries and damages.

9.

## DAMAGES

As a direct and proximate result of Ebasco's negligence, Mr. Johnson sustained a multitude of severe and deadly injuries. Upon trial of this case, Plaintiff respectfully requests the Court and Jury to determine the amount of loss Mr. Johnson has incurred. Mr. Johnson was damaged in the following particulars:

1.     Prior to his death, Mr. Johnson suffered great physical pain and mental anguish;

2.     Prior to his death, Mr. Johnson incurred hospital and/or medical and/or pharmaceutical and/or other expenses;

3.     Prior to his death, Mr. Johnson suffered physical impairment;

4.     Prior to his death, Mr. Johnson suffered permanent partial disability;

5.     Prior to his death, Mr. Johnson required medical monitoring and required domestic help and nursing care due to his disabilities;

6.     Prior to onset of his symptoms, Mr. Johnson was extremely active and participated in numerous hobbies and activities, and, as a result of his illnesses, he was prevented from engaging in all of said activities that were normal to him prior to developing symptoms from his disease; and,

7.     Loss of earning capacity and lost wages.

As a direct and proximate result of Ebasco's negligence, Mr. Johnson's spouse sustained a multitude of injuries. Upon trial of this case, Plaintiff respectfully request the Court and Jury to determine the amount of loss Mr. Johnson's spouse has incurred. Mr. Johnson's spouse has been damaged in the following particulars:

1.     Witnessing the conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.     Witnessing the mental anguish sustained by Mr. Johnson prior to his death;

3.     Witnessing the physical impairment suffered by Mr. Johnson prior to his death;

4.     Witnessing the disfigurement suffered by Mr. Johnson prior to his death;

5.     Reasonable funeral and burial expenses incurred by the Mrs. Johnson and the Jack

Johnson Estate;

6.     The loss of household services, consortium, pecuniary loss, companionship and society that Mrs. Johnson received from Mr. Johnson prior to his last illnesses and death;

7.     The mental anguish suffered by Mrs. Johnson as a consequence of the last illnesses and death of Mr. Johnson;

8.     Punitive and exemplary damages as allowed by law to punish Sempra Energy for proximately causing Mr. Johnson's untimely death;

9.     Prejudgment interest on all elements of damages as allowed by law; and

10.    Loss of inheritance.

The actions and inactions of Sempra Energy, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the damages, diseases and death of Mr. Johnson. More specifically, Ebasco consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Mr. Johnson and should be held liable in punitive and exemplary damages to Plaintiff.

Additionally, the actions, omissions, and/or undertakings of Ebasco were of such a character as to make Ebasco guilty of malice. The conduct of Ebasco involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. In addition, Ebasco had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Further, notwithstanding the above, Ebasco's conduct is of such a nature that it violates Tex. Civ. Prac. & Rem. Code § 41.008(c)(4) and (7). Accordingly, as a result of the conduct of Ebasco, Plaintiff seeks exemplary damages

in such an amount as to be found to be proper under the facts and circumstances.

Notwithstanding the above, when formulating the amount of exemplary damages, the jury should also consider:

1.    the nature of Defendant's wrong;

2.    the character of Defendant's conduct;

3.    the degree of Defendant's culpability;

4.    the situation and sensibilities of the Plaintiff and Mr. Johnson;

5.    the extent to which Defendant's conduct offends a public sense of justice and propriety; and

6.    the net worth of Defendant.

Additionally, Pursuant to Tex. R. Civ. P. 47, Plaintiffs seeks monetary relief of over $1,000,000.00.

**10.**

**WRONGFUL DEATH & SURVIVAL DAMAGES**

Plaintiff is entitled to negligence, wrongful death, and survival damages. Further, heirs and wrongful death beneficiaries of Mr. Johnson will seek general and special damages including, but not limited to, damages for survival and wrongful death claims that they have sustained both in their individual capacity and as personal representatives of the Estate of Jack W. Johnson:

1.    The conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.    The mental anguish sustained by Mr. Johnson prior to his death;

3.    The physical impairment suffered by Mr. Johnson prior to his death;

4. The disfigurement suffered by Mr. Johnson prior to his death;

5. Reasonable and necessary medical expenses incurred by Mr. Johnson prior to his death;

6. Reasonable funeral and burial expenses incurred by Plaintiff and the Estate of Jack W. Johnson;

7. Mr. Johnson's lost earning capacity;

8. The loss of household services, consortium, pecuniary loss, companionship and society that Plaintiff received from Mr. Johnson prior to his last illnesses and death;

9. The mental anguish suffered by Plaintiff as a consequence of the last illnesses and death of Mr. Johnson;

10. Punitive and exemplary damages as allowed by law to punish Sempra Energy for proximately causing Mr. Johnson's untimely death;

11. Prejudgment interest on all elements of damages as allowed by law; and,

12. Any other actual, compensatory, punitive and exemplary damages recoverable pursuant to the wrongful death and survival act as set out by Chapter 71 of the Texas Civil Practices and Remedy Code.

## 11.

## <u>JURY DEMAND</u>

Plaintiff demands that all issues of fact in this case be tried to a Jury and has tendered the Jury fee herewith.

## 12.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial, the Plaintiff have judgment against Defendant, and recover damages from the Defendant in an amount to be determined by a jury, plus costs of Court, interest as allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which this Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**SHRADER & ASSOCIATES, LLP**

By: _____

Ross Stomel (TSB#24041979)
Robert E. Shuttlesworth (TSB#24033184)
3900 Essex Ln., Suite 390
Houston, TX 77027
Telephone: 713/782-0000
Facsimile: 713/571-9605
Email: ross@shraderlaw.com
Email: robert@shraderlaw.com

**Cause No. 2018-22086**

| | | |
|---|---|---|
| DIANE JOHNSON, Individually and as Representative of the Estate of JACK W. JOHNSON, deceased, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| EECI, INC., as successor to the liability of Ebasco Services, Inc., | § § § § | |
| Defendant. | § § | 129th JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

COMES NOW Plaintiff and complains of the Defendant listed herein and for causes of action would show the Court and the Jury as follows:

### 1.

### DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190, Plaintiff respectfully requests that discovery in this case be conducted under a Level 3 Discovery Control Plan.

### 2.

### PARTIES

Plaintiff is Diane Johnson, Individually and as Representative of the Estate of Jack W. Johnson, decedent. Diane Johnson is the surviving spouse of Jack W. Johnson. The last three digits of her social security number is 969. Diane Johnson is resident of Alabama.

Jack W. Johnson was employed from approximately 1954-2011 as an electrician working at numerous locations throughout the United States, including but not limited to Illinois, Virginia,

Page **1** of **10**

EXHIBIT C2

Louisiana, Texas, Pennsylvania, Mississippi, Nebraska, Oklahoma, Alabama, Oregon, Virginia, California, Colorado and Nebraska.

During the course of his employment at the locations mentioned above, the Mr. Johnson was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around that were manufactured, sold, distributed or installed by **Defendant EECI, INC.   EECI, INC. is successor to the liability of Ebasco Services, Inc. ("Ebasco") and is a corporation organized and existing under and by virtue of the laws of the State of Nevada and doing business in the State of Texas, but has not designated a resident agent for service of process. This corporation can be served c/o CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, NV 89119 pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045.   Defendant will be served through the Secretary of State for the State of Texas.**

**3.**

**<u>JURISDICTION</u>**

Jurisdiction is proper in this Court in that the amount in controversy exceeds the minimal jurisdictional limits of this Court, and the Defendant is subject to personal jurisdiction in the State of Texas.   Moreover, the Defendant has conducted a substantial amount of business activity and has committed a tort, in whole or in part, in Texas.   Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed, including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office.   Plaintiff reserves the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

## 4.

## <u>VENUE</u>

Venue of this action is proper as to the Plaintiff in Harris County, Texas under Tex. C.P.R.C. 15.002(a) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Harris County. Specifically, Plaintiff is making a claim for Decedent's exposure to asbestos at a facilities located in Harris County.

## 5.

## <u>BACKGROUND</u>

Jack Johnson had an extensive history of exposure to asbestos containing materials during his career as a journeyman electrician. Mr. Johnson started working in the electrical field in 1950 and was exposed to asbestos on a regular and frequent basis up through the early 1990s. These exposures led to his contraction of mesothelioma and his death on June 13, 2014.

**Defendant named above bears responsibility in causing Plaintiff and Decedent's injuries in the individual capacities in which they have been sued. Plaintiff reserve the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages**.

## 6.

## <u>TEX. CIV. PRAC. & REM. CODE §90.006 (2005)</u>

The citizens of the State of Texas and their state representatives believe that exposure to asbestos, particularly through inhalation of asbestos fibers, causes malignant and nonmalignant diseases, including mesothelioma and asbestosis. As such, it is the policy of the State of Texas to protect the right of people with impairing asbestos-related injuries to pursue their claims for compensation in a fair and efficient manner through the Texas court system. Act of May 16, 2005,

79th Leg., R.S., ch. 97, § 1(n), 2005 Tex. Gen. Laws 169.

In keeping with the stated policy of the State of Texas, Plaintiff brings the following claims against **EECI, Inc.,** which is responsible for her husband's asbestos-related injuries and subsequent death. Accordingly, Plaintiff attaches to their original petition as Exhibit 1, Mr. Johnson's Tex. Civ. Prac. & Rem. Code 90.003 medical report as required by Tex. Civ. Prac. & Rem. Code 90.006.

## 7.

## <u>STRICT LIABILITY</u>

Plaintiff pleads and invokes the doctrine of strict liability against Ebasco because it was engaged in the sale of asbestos containing products. Plaintiff will show that the Defendant's products were defectively marketed and designed, that such defective conditions rendered their products unreasonably dangerous in the intended and reasonably anticipated use of their products, and that such defective conditions existed at the time they left Defendant's possession. Defendant knew or should have foreseen the risk of harm of their unreasonably dangerous products. Defendant's acts or omissions in these regards were producing causes of Plaintiff's injuries, damages, and/or death.

## 8.

## <u>NEGLIGENCE</u>

Mr. Johnson was exposed to large quantities of asbestos and asbestos-containing products. The law imposed various duties on Defendant with respect to the safety and welfare of others such as Mr. Johnson. Defendant breached those duties by a multitude of acts, omissions, and/or undertakings which amount to negligence. Defendant knew, or in the exercise of ordinary care,

should have known that the asbestos-containing products and/or machinery they sold, supplied, distributed, re-labeled, applied, installed, specified, bought, removed, manipulated, or otherwise exposed Mr. Johnson to was extremely dangerous and harmful to his health. As a proximate cause of such negligence, Plaintiff has suffered the injuries and damages complained of herein.

Additionally, without waiving any specific acts of negligence as to Defendant, Plaintiff hereby gives notice of intent to rely on the doctrine of *res ipsa loquitur*, as Defendant's asbestos-containing products were under the exclusive management and control of Defendant, and given the character of Decedent's injuries and damages are such that they would ordinarily not have occurred in the absence of negligence.

Plaintiff would further show that Ebasco was one of the principal contractors that designed, built, and maintained the facilities that Mr. Johnson worked within. Ebasco was negligent in its sale, provision, installation, use, maintenance, distribution, repair, abatement, removal, and/or tear-out, of dangerous and deadly asbestos-containing products causing exposures to workers such as Mr. Johnson. The Defendant failed to warn of the hazards known to them or to prevent these exposures from occurring was a proximate cause of decedent's injuries and damages.

**9.**

**<u>DAMAGES</u>**

As a direct and proximate result of Ebasco's negligence, Mr. Johnson sustained a multitude of severe and deadly injuries. Upon trial of this case, Plaintiff respectfully requests the Court and Jury to determine the amount of loss Mr. Johnson has incurred. Mr. Johnson was damaged in the following particulars:

1.        Prior to his death, Mr. Johnson suffered great physical pain and mental anguish;

2.     Prior to his death, Mr. Johnson incurred hospital and/or medical and/or pharmaceutical and/or other expenses;

3.     Prior to his death, Mr. Johnson suffered physical impairment;

4.     Prior to his death, Mr. Johnson suffered permanent partial disability;

5.     Prior to his death, Mr. Johnson required medical monitoring and required domestic help and nursing care due to his disabilities;

6.     Prior to onset of his symptoms, Mr. Johnson was extremely active and participated in numerous hobbies and activities, and, as a result of his illnesses, he was prevented from engaging in all of said activities that were normal to him prior to developing symptoms from his disease; and,

7.     Loss of earning capacity and lost wages.

As a direct and proximate result of Ebasco's negligence, Mr. Johnson's spouse sustained a multitude of injuries. Upon trial of this case, Plaintiff respectfully request the Court and Jury to determine the amount of loss Mr. Johnson's spouse has incurred.   Mr. Johnson's spouse has been damaged in the following particulars:

1.     Witnessing the conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.     Witnessing the mental anguish sustained by Mr. Johnson prior to his death;

3.     Witnessing the physical impairment suffered by Mr. Johnson prior to his death;

4.     Witnessing the disfigurement suffered by Mr. Johnson prior to his death;

5.     Reasonable funeral and burial expenses incurred by the Mrs. Johnson and the Jack Johnson Estate;

6.      The loss of household services, consortium, pecuniary loss, companionship and society that Mrs. Johnson received from Mr. Johnson prior to his last illnesses and death;

7.      The mental anguish suffered by Mrs. Johnson as a consequence of the last illnesses and death of Mr. Johnson;

8.      Punitive and exemplary damages as allowed by law to punish **EECI, Inc.** for proximately causing Mr. Johnson's untimely death;

9.      Prejudgment interest on all elements of damages as allowed by law; and

10.      Loss of inheritance.

The actions and inactions of **EECI, Inc.**, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the damages, diseases and death of Mr. Johnson.   More specifically, Ebasco consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Mr. Johnson and should be held liable in punitive and exemplary damages to Plaintiff.

Additionally, the actions, omissions, and/or undertakings of Ebasco were of such a character as to make Ebasco guilty of malice.   The conduct of Ebasco involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.   In addition, Ebasco had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Further, notwithstanding the above, Ebasco's conduct is of such a nature that it violates Tex. Civ. Prac. & Rem. Code § 41.008(c)(4) and (7).   Accordingly, as a result of the conduct of Ebasco, Plaintiff seeks exemplary damages in such an amount as to be found to be proper under the facts and circumstances.

Notwithstanding the above, when formulating the amount of exemplary damages, the jury should also consider:

1.    the nature of Defendant's wrong;

2.    the character of Defendant's conduct;

3.    the degree of Defendant's culpability;

4.    the situation and sensibilities of the Plaintiff and Mr. Johnson;

5.    the extent to which Defendant's conduct offends a public sense of justice and propriety; and

6.    the net worth of Defendant.

Additionally, Pursuant to Tex. R. Civ. P. 47, Plaintiffs seeks monetary relief of over $1,000,000.00.

**10.**

**WRONGFUL DEATH & SURVIVAL DAMAGES**

Plaintiff is entitled to negligence, wrongful death, and survival damages. Further, heirs and wrongful death beneficiaries of Mr. Johnson will seek general and special damages including, but not limited to, damages for survival and wrongful death claims that they have sustained both in their individual capacity and as personal representatives of the Estate of Jack W. Johnson:

1.    The conscious physical pain and suffering sustained by Mr. Johnson prior to his death;

2.    The mental anguish sustained by Mr. Johnson prior to his death;

3.    The physical impairment suffered by Mr. Johnson prior to his death;

4.    The disfigurement suffered by Mr. Johnson prior to his death;

5. Reasonable and necessary medical expenses incurred by Mr. Johnson prior to his death;

6. Reasonable funeral and burial expenses incurred by Plaintiff and the Estate of Jack W. Johnson;

7. Mr. Johnson's lost earning capacity;

8. The loss of household services, consortium, pecuniary loss, companionship and society that Plaintiff received from Mr. Johnson prior to his last illnesses and death;

9. The mental anguish suffered by Plaintiff as a consequence of the last illnesses and death of Mr. Johnson;

10. Punitive and exemplary damages as allowed by law to punish **EECI, Inc.** for proximately causing Mr. Johnson's untimely death;

11. Prejudgment interest on all elements of damages as allowed by law; and,

12. Any other actual, compensatory, punitive and exemplary damages recoverable pursuant to the wrongful death and survival act as set out by Chapter 71 of the Texas Civil Practices and Remedy Code.

## 11.

## JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a Jury and has tendered the Jury fee herewith.

## 12.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial, the Plaintiff have judgment against Defendant, and recover damages from the Defendant in an amount to be determined by a jury, plus costs of Court, interest as allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which this Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**SHRADER & ASSOCIATES, LLP**


By:  _/s/ Ross D. Stomel_____
        Ross Stomel (TSB#24041979)
        Robert E. Shuttlesworth (TSB#24033184)
        3900 Essex Ln., Suite 390
        Houston, TX  77027
        Telephone: 713/782-0000
        Facsimile: 713/571-9605
        Email:  robert@shraderlaw.com


## Certificate of Service

I hereby certify that a true and correct copy of the above was forwarded to and served upon all counsel of record on this the 7th day of June, 2018 in accordance with the Texas Rules of Civil Procedure.


_/s/ Ross D. Stomel_____
Ross D. Stomel

# 2018-22086

**COURT:**   129th
**FILED DATE:**  4/3/2018
**CASE TYPE:**  Product Liability - Asbestos/Silica



### JOHNSON, DIANE (INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF

**Attorney: STOMEL, ROSS DANIEL**

**vs.**

### SEMPRA ENERGY (SUCCESSOR TO THE LIABILITY OF EBASCO SERVICES INC)

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

**EXHIBIT D**

# EXHIBIT "E"

## CAUSE NO. 2018-22086

| | | |
|---|---|---|
| **DIANE JOHNSON, Individually and** | § | **IN THE DISTRICT COURT** |
| **as Representative of the Estate of** | § | |
| **JACK W. JOHNSON, Deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **EECI, Inc., as successor to the liability** | § | |
| **of Ebasco Services, Inc.,** | § | |
| | § | |
| **Defendant.** | § | **129TH JUDICIAL DISTRICT** |

## INDEX OF DOCUMENTS

| No. | Title | Date Filed |
|-----|-------|------------|
| 1. | Civil Process Request | 04/03/2018 |
| 2. | Civil Case Information Sheet | 04/03/2018 |
| 3. | Plaintiff's Original Petition | 04/03/2018 |
| 4. | Civil Process Pick-Up Form | 04/06/2018 |
| 5. | Citation and Return of Service | 04/25/2018 |
| 6. | Plaintiff's First Amended Original Petition | 06/07/2018 |
| 7. | Civil Process Request Form | 06/07/2018 |
| 8. | Civil Process Pick-Up Form | 06/13/2018 |
| 9. | Letter Regarding Civil Process Fee | 06/13/2018 |

**EXHIBIT E**

| Party | Counsel | Address | Phone |
|-------|---------|---------|-------|
| Diane Johnson | Ross Stomel Shrader& Associates, L.L.P. | 3900 Essex Lane, Suite 390 Houston, TX 77027 | (713) 338-9094 |
| EECI, Inc., f/k/a Ebasco Services, Inc. | Edward Slaughter Hawkins Parnell Thackston & Young, L.L.P. | 4514 Cole Ave., Suite 500 Dallas, TX 75205 | (214) 780-5100 |

EXHIBIT F